DAVE TURNER v. THE STATE.

No. 13777.   Delivered November 26, 1930.
Reported in 32 S. W. (2d) 835.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Driving an automobile while intoxicated is the offense; penalty, a fine of $100.00 and confinement in the county jail for thirty days.

A motion to quash the indictment was made asserting that A. B. Edsall, one of the persons on the grand jury, was ineligible for the reason that he was not a citizen of Throckmorton County. The evidence heard by the court upon the motion is sufficient to support the finding of the trial court that the juror was a citizen of Throckmorton County.   The complaint, however, was waived by the appellant in failing to challenge the array.   Art. 358, C. C. P., provides for a challenge to the array before the empaneling of the grand jury or any member thereof.   In the statute it is said:

"In no other way shall objections to the qualifications and legality of the grand jury be heard."

There are exceptions to the above statement. The record in the present instance fails to show that the appellant was within the exceptions. See Powell v. State, 99 Tex. Cr. R. 276, 269 S. W. 443.

The complaint of misconduct of the jury in their separation is not sustained by the evidence.

The evidence is sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.